**UNITED STATES DEPARTMENT OF JUSTICE**
**OFFICE OF THE UNITED STATES TRUSTEE**
**JUDY A. ROBBINS**
**UNITED STATES TRUSTEE**
**HECTOR DURAN**
**TRIAL ATTORNEY**
**515 Rusk, Suite 3516**
**Houston, Texas   77002**
**Telephone:  (713) 718-4650 x 241**
**Fax:  (713) 718-4670**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **CASE NUMBER:** |
| | § | |
| **WALTER E. PINEDA** | § | **12-31196-H2-13** |
| | § | **(Chapter 13)** |
| **DEBTOR** | § | |
| | § | |
| **ROBERT WILLIAM** | § | **12-33584-H4-13** |
| | § | **(Chapter 13)** |
| **DEBTOR** | § | |
| | § | |
| **UNITED STATES TRUSTEE** | § | **Adversary No.** |
| | § | |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **HAROLD W. HIGGINS** | § | |
| | § | |
| **JOY OF RUNNING MINISTRIES** | § | |
| **dba JOY CONSULTING GROUP** | § | |
| | § | |
| **THE LEVIATHAN ENTERPRISES** | § | |
| **GROUP, INC.** | § | |
| **dba L.E.G. CONSULTING TEAM** | § | |
| | § | |
| **Defendants** | § | |

**COMPLAINT SEEKING CIVIL PENALTIES, INJUNCTIVE**
**AND OTHER MISCELLANEOUS RELIEF UNDER 11 U.S.C. §§ 110 & 526-528**

TO THE HONORABLE DAVID R. JONES
UNITED STATES BANKRUPTCY JUDGE:

COMES NOW the United States Trustee for the Southern District of Texas, by and through the undersigned counsel, who respectfully represents as follows:

## Jurisdiction and Venue

1.      This is an adversary proceeding in which Plaintiff is seeking relief under 11 U.S.C. §§ 110, 526, 527 and 528 and under Fed. R. Bankr. P. 2016, 7001(7), and 7065.  The Court has jurisdiction to consider this matter under 28 U.S.C. §§ 157(a) and 1334 and 11 U.S.C. §§ 110 and 526-528.

2.      This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (E).

3.      Venue is proper in this district under 28 U.S.C. § 1409(a).

4.      The Court has constitutional authority to enter a final order or judgment with respect to this Complaint.  Regulating the conduct of bankruptcy petition preparers and debt relief agencies is an essential part of the bankruptcy scheme and triggers the "public rights" exception.  *See Stern v. Marshall,* — U.S. —, 131 S.Ct. 2394, 180 L.Ed.2d 310 (2011); *see also In re Muhs,* 2011 WL 3421546 at 1 (Bankr. S.D. Tex. 2011).  The United States Trustee consents to the entry of a final judgment by the bankruptcy court if it is determined that the bankruptcy court, absent consent of the parties, cannot enter a final judgment consistent with Article III of the United States Constitution.

## Parties

5.      Plaintiff is the duly appointed United States Trustee for the Southern District of Texas under 28 U.S.C. § 581(a)(7).  Plaintiff's address is 515 Rusk, Suite 3516, Houston, Texas, 77002.

6.      Pursuant to 11 U.S.C. § 307, Plaintiff has standing to appear and be heard on any issue in a case or proceeding under the Bankruptcy Code.  Further, Plaintiff is authorized to bring this proceeding under 11 U.S.C. §§ 110 and 526(c)(5).

7.      Pursuant to 28 U.S.C. § 586(a)(3), Plaintiff is statutorily obligated to monitor the administration of cases commenced under the Bankruptcy Code, 11 U.S.C. § 101 *et. seq.* Specifically, Plaintiff is charged with a number of supervisory responsibilities in cases under chapter 13 of the Bankruptcy Code, including monitoring the progress of such cases and taking such actions as Plaintiff deems to be appropriate to prevent undue delay in such progress.  28 U.S.C. § 586(a)(G).

8.      Defendant Harold W. Higgins ("Higgins") is an individual who resides at 3800 County Road 94, # 13201, Manvel, Texas, 77578, and may be served with process through counsel Elijah Gooden, III, Esq., 3303 Louisiana, Suite 125, Houston, Texas, 77006.

9.      Defendant Joy of Running Ministries ("JORM") is a corporation formed in the State of Texas on March 14, 1996.  JORM's primary business address is located at 3800 County Road 94, # 13201, Manvel, Texas, 77578.  JORM's principal and registered agent is Harold W. Higgins. On information and belief, Defendant JORM operates under the trade name Joy Consulting Group, which is located at 7322 Southwest Freeway, Suite 645, Houston, Texas, 77074.  According to a flyer, Joy Consulting Group is in the business of negotiating solutions for foreclosure and wrongful foreclosure, including, but not limited to, mortgage forbearance agreements, mortgage loan reinstatements, mortgage loan modifications, short sales, and mortgage principal and interest reductions.  Defendant JORM may be served with process through counsel Elijah Gooden, III, Esq., 3303 Louisiana, Suite 125, Houston, Texas, 77006.

10.     Defendant The Leviathan Enterprises Group, Inc. ("LEG") is a corporation formed in the State of Texas on November 20, 2006.  LEG's primary business address is located at 3800 County Road 94, # 13201, Manvel, Texas, 77578.  LEG's principal and registered agent is Harold W. Higgins. On information and belief, Defendant LEG operates, or formerly operated, under the

trade name L.E.G. Consulting Team, which is or was located at 7322 Southwest Freeway, Suite 645, Houston, Texas, 77074.  According to information from Defendant Higgins, L.E.G. Consulting Team is or was in the business of negotiating solutions for foreclosure and wrongful foreclosure, including, but not limited to, mortgage forbearance agreements, mortgage loan reinstatements, mortgage loan modifications, short sales, and mortgage principal and interest reductions.  Defendant LEG may be served with process through counsel Elijah Gooden, III, Esq., 3303 Louisiana, Suite 125, Houston, Texas, 77006.

## Factual Background

### A.    Debtor Walter E. Pineda

#### 1.    Case No. 12-31196

11.    On information and belief, Compass Bank, successor in interest to the Laredo National Bank d/b/a BBVA Compass, purchased the real property located at 11317 O'Donnell Drive, Houston, Texas ("O'Donnell Property"), at a foreclosure sale held on  or about April 5, 2011.  The O'Donnell Property was formerly owned by Walter E. Pineda ("Pineda"), Jose Palacios, and Lucila Palacios.

12.    On information and belief, Compass Bank filed a petition for eviction against Pineda and others on or about May 20 2011.

13.    On information and belief, Compass Bank obtained a judgment for possession of the O'Donnell Property on or about September 26, 2011.

14.    On or about June 3, 2011, Pineda signed the Third Party Authorization and Agreement to Release.  The Agreement permits Defendants to obtain non-public, personal financial information in connection with Pineda's mortgage loan account.

15.     From June 4, 2011 through January 11, 2012, Pineda made cash payments totaling about $3,000.00 to Defendants.

16.     Despite the pre-bankruptcy foreclosure sale and suit for eviction, Pineda, on or about February 13, 2012, filed the Petition seeking relief under chapter 13 of the Bankruptcy Code in Case No. 12-31196 (Bankr. S.D. Tex.).  The Petition reflects that Pineda's debts are primarily consumer debts.  Other documents, such as the Application to Pay Filing Fees in Installments, Schedules A through I, the Statement of Financial Affairs, and the Chapter 13 Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income, were also filed.  Plaintiff appointed David G. Peake ("Peake") to serve as the chapter 13 trustee.

17.     Defendants, their agents, employees, and all other persons in active concert and participation with them assisted Pineda with the preparation of the documents filed in Bankruptcy Case No. 12-31196.

18.     On or about April 3, 2012, the Court entered the Order lifting the stay on the O'Donnell Property.

19.     On or about May 31, 2012, Peake filed the Motion to Dismiss or Convert Bankruptcy Case No. 12-31196 because Pineda failed to make plan payments, failed to submit an employer order or ACH deduction, failed to file schedule J, and failed to file a uniform chapter 13 plan.

20.     On or about May 10, 2012, Peake filed the Amended Motion for Order to Show Cause relating the facts that are the subject of this Complaint.

   **2.     Case No. 11-40560**

21.      On or about December 12, 2011, Pineda filed the Petition seeking relief under chapter 13 of the Bankruptcy Code in Case No. 11-40560 (Bankr. S.D. Tex.).   The Petition reflects

that Pineda's debts are primarily consumer debts.

22.     Defendants, their agents, employees, and all other persons in active concert and participation with them  assisted Pineda with the preparation of the documents filed in Bankruptcy Case No. 11-40560.

23.     On or about December 29, 2011, the Court entered the Order dismissing Case No. 11-40560.

**B.     Debtors Robert D. Williams and Suzanne M. Williams**

**1.     Case No. 12-33584**

24.     On information and belief, Formosa Management, L.L.C. ("Formosa") purchased the real property located at 1102 Rock Green Court, Katy, Texas ("Rock Green Property"), at a foreclosure sale held on or about January 5, 2010.  The Rock Green Property was formerly owned by Robert D. Williams and Suzanne M. Williams (collectively, the "Williams").

25.     On information and belief, Formosa filed a petition for eviction against the Williams.

26.     On information and belief, Formosa obtained several writs of possession to evict the Williams from the Rock Green Property.

27.     On or about November 11, 2010, Mr. Williams signed the Letter of Authorization permitting Defendants "to negotiate and execute a workable arrangement to bring this [mortgage] account to a satisfactory state."

28.     Mr. Williams made cash payments totaling about $3,000.00 to Defendants.

29.     Despite the pre-bankruptcy foreclosure sale and suit for eviction, Mr. Williams, on or about May 10, 2012, filed the Petition seeking relief under chapter 13 of the Bankruptcy Code in Case No. 12-33584 (Bankr. S.D. Tex.).  The Petition reflects the debtor's name to be Robert William

and that Mr. Williams' debts are primarily consumer debts. The Application to Pay Filing Fees in Installments was also filed.  Plaintiff appointed Peake to serve as the chapter 13 trustee.

30.     Defendants, their agents, employees, and all other persons in active concert and participation with them assisted the Williams with the preparation of the documents filed in various bankruptcy cases.

31.     On or about June 18, 2012, the Court entered the Order lifting the stay on the Rock Green Property.

32.     On or about June 218, 2012, the Court entered the Order requiring the Williams to appear and show cause why sanctions should not be imposed.  The hearing was scheduled on July 23, 2012.

33.     On or about July 20, 2012, Peake filed the Motion to Dismiss or Convert Bankruptcy Case No. 12-33584 because Mr. Williams failed to comply with 11 U.S.C. § 521, failed to file a uniform chapter 13 plan, failed to make plan payments, failed to appear at the meeting of creditors, failed to file his federal income tax returns for 2008 through 2011, failed to file pay advices, and failed to file a certificate of credit counseling.

34.     On or about July 24, 2012, the Court issued the Bench Warrant requiring the U.S. Marshal to take the Williams into custody and produce them for the purpose of providing testimony regarding various bankruptcy cases filed by the Williams.  On or about August 2, 2012, Mr. Williams testified under oath about paying Defendants somewhere between $3,000.00 and $5,000.00.

**2.     Case No. 12-35230**

35.     On or about July 9, 2012, Greg Arnim, the petitioning creditor, filed the Involuntary

Petition against Mr. Williams in Case No. 12-35230 (Bankr. S.D. Tex.).   The Petition reflects that Mr. Williams' debts are primarily consumer debts.

36.    On or about July 24, 2012, the Court entered the Order *sua sponte* lifting the stay.

**3.    Other Williams Cases**

37.    The Williams filed the following petitions for relief under chapter 7 or 13 of the Bankruptcy Code in the Southern District of Texas, all of which reflect that the Williams' debts are primarily consumer debts and all of which were dismissed for deficiencies**:**

| Case No. | Name | Date Filed | Disposition |
|---|---|---|---|
| 12-32019 | Robert D. Williams | 03/15/2012 | Dismissed on 04/03/2012 |
| 12-30222 | Suzanne M. Williams | 01/03/2012 | Dismissed on 01/20/2012 |
| 11-39573 | Suzanne M. Williams | 11/04/2011 | Dismissed on 11/29/2011 |
| 11-39018 | Robert D. Williams | 10/26/2011 | Dismissed on 11/14/2011 |
| 11-37785 | Robert D. Williams | 09/06/2011 | Dismissed on 10/18/2011 |

**C.    Other Debtors**

38.    The following individuals (the "Other Debtors") filed petitions for relief under either chapters 7 or 13 of the Bankruptcy Code in the Southern District of Texas:

| Case No. | Name | Date Filed | Disposition |
|---|---|---|---|
| 11-37802 | Sara Hunter | 09/08/2011 | Dismissed on 09/27/2011 |
| 11-39618 | Karin G. Moye | 11/08/2011 | Dismissed on 11/30/2011 |
| 11-40040 | Verna G. Herbert | 12/01/2011 | Dismissed on 12/19/2011 |
| 11-40824 | Luis A. Guevara | 12/27/2011 | Dismissed on 01/12/2012 |
| 12-30180 | George E. Darsey, IV | 01/03/2012 | Dismissed on 04/17/2012 |
| 12-30282 | Bernabe C. Tolosa | 01/10/2012 | Dismissed on 02/07/2012 |
| 12-30283 | Gloria I. Mancilla | 01/10/2012 | Dismissed on 02/06/2012 |
| 12-30326 | Lula S. Daggs | 01/12/2012 | Dismissed on 01/30/2012 |
| 12-30584 | Monique Malveaux | 01/27/2012 | Dismissed on 08/02/2012 |
| 12-30783 | Santos S. Turcios | 02/03/2012 | Dismissed on 02/24/2012 |
| 12-31136 | Sara Hunter | 02/09/2012 | Plan confirmed on 04/25/2012; stay lifted on 07/12/2012 |

| | | | |
|---|---|---|---|
| 12-31140 | Eric D. Everhart | 02/09/2012 | Dismissed on 02/27/2012 |
| 12-31153 | Lula S. Daggs | 02/09/2012 | Dismissed on 02/27/2012 |
| 12-31193 | Benjamin J. McLaughlin | 02/13/2012 | Dismissed on 03/01/2012 |
| 12-31195 | Addie Jackson-Sublet | 02/13/2012 | Dismissed on 03/01/2012 |
| 12-31327 | John H. Alexander | 02/21/2012 | Dismissed on 05/21/2012 |
| 12-31531 | Charles E. Hall | 03/01/2012 | Dismissed on 03/20/2012 |
| 12-31825 | Bernabe Tolosa | 03/06/2012 | Dismissed on 03/22/2012 |
| 12-31965 | Gladys A. Rubin | 03/12/2012 | Dismissed on 03/29/2012 |
| 12-31977 | Amanda J. Linville | 03/13/2012 | Dismissed on 03/29/2012 |
| 12-32012 | Dezra I. Jefferson | 03/15/2012 | Dismissed on 05/08/2012 |
| 12-32038 | Santos S. Turcios | 03/16/2012 | Dismissed on 04/13/2012 |
| 12-32118 | Nicolette A. Ferguson | 03/22/2012 | Dismissed on 04/09/2012 |
| 12-32329 | Elmer A. Garcia | 03/30/2012 | Dismissed on 04/18/2012 |
| 12-32591 | Clarence J. Patterson | 04/03/2012 | Dismissed on 04/26/2012 |
| 12-32592 | Kenneth R. Parker | 04/03/2012 | Dismissed on 04/19/2012 |
| 12-32647 | Timothy D. Glover | 04/04/2012 | Dismissed on 04/20/2012 |
| 12-32665 | Eric D. Everhart | 04/05/2012 | Dismissed on 04/30/2012 |
| 12-32722 | Leonard Colbert | 04/09/2012 | Dismissed on 04/25/2012 |
| 12-32758 | Corlis A. Lyons | 04/11/2012 | Dismissed on 04/27/2012 |
| 12-32780 | Julieta P. Garza | 04/12/2012 | Dismissed on 05/08/2012 |
| 12-33046 | Benjamin McLaughlin | 04/26/2012 | Dismissed on 05/14/2012 |
| 12-33145 | Ramona Ruiz | 04/30/2012 | Dismissed on 07/05/2012 |
| 12-33146 | Isaac L. Oludiran | 04/30/2012 | Dismissed on 05/30/2012 |
| 12-33147 | Jose M. Diaz | 04/30/2012 | Dismissed on 07/05/2012 |
| 12-33509 | Ronny J. Holden | 05/07/2012 | Dismissed on 06/06/2012 |
| 12-33516 | Vincent Jefferson | 05/07/2012 | Dismissed on 06/06/2012 |
| 12-33530 | Leonard Colbert | 05/08/2012 | Dismissed on 07/24/2012 |
| 12-33585 | Charles Leclear | 05/10/2012 | Dismissed on 05/30/2012 |
| 12-33645 | Jose A. Callior | 05/14/2012 | Dismissed on 05/31/2012 |
| 12-33646 | Gladys Denmark | 05/14/2012 | Dismissed on 05/31/2012 |
| 12-33702 | Joe B. Stewart | 05/17/2012 | Dismissed on 06/05/2012 |
| 12-33757 | Mattie B. Moore | 05/21/2012 | Dismissed on 06/06/2012 |
| 12-33770 | John H. Alexander | 05/21/2012 | Dismissed on 06/06/2012 |
| 12-34400 | Lucila Turcios | 06/05/2012 | Dismissed on 06/22/2012 |
| 12-34655 | Timothy D. Glover | 06/22/2012 | Dismissed on 07/30/2012 |
| 12-34924 | Deon F. Davis | 07/02/2012 | Dismissed on 08/01/2012 |

39.     On information and belief, the Other Debtors made cash payments to Defendants.

40.     Defendants, their agents, employees, and all other persons in active concert and participation with them assisted the Other Debtors with the preparation of the documents filed in the

bankruptcy cases listed in paragraph 38.

**D.      §§ 110, 526, 527 and 528**

41.      In the bankruptcy cases involving Pineda, the Williams, and the Other Debtors, Defendants failed to prepare and file the declaration under penalty of perjury required by Fed. R. Bankr. P. 2016(c) of any fee, and the source of any fee, received from or on behalf of the debtor within twelve (12) months of the filing of the case and all unpaid fees charged to the debtor.

42.      Defendants failed to provide Pineda, the Williams, and the Other Debtors with the written notice required by 11 U.S.C. §§ 342(b)(1) and 527(a)(1) containing (i)  a brief description of chapters 7, 11, 12 and 13 of the Bankruptcy Code, (ii) the general purpose, benefits and costs of proceeding under each of those chapters, and (iii) the types of services available from credit counseling agencies.

43.      Defendants failed to provide Pineda, the Williams, and the Other Debtors with the clear and conspicuous written notice required by 11 U.S.C. § 527(a)(2)(A) through (D).

44.      Defendants failed to provide Pineda, the Williams, and the Other Debtors with the clear and conspicuous written statement required by 11 U.S.C. § 527(b).

45.      Defendants failed to provide Pineda, the Williams, and the Other Debtors with the clear and conspicuous writing required by 11 U.S.C. § 527(c) specifying reasonably sufficient information about how to provide all the information Pineda, the Williams, and the Other Debtors were required to provide under 11 U.S.C. § 521.

46.      Defendants failed to execute a written contract with Pineda, the Williams, and the Other Debtors as required by 11 U.S.C. § 528(a)(1) that clearly and conspicuously explained the services Defendants were to provide to them, the fees or charges for such services, and the terms of

payment.

47.     Defendants failed to comply with the requirements of 11 U.S.C. § 528(a)(3), (a)(4)

and (b) in connection with advertisements.

48.     Defendants failed to include the signature, printed name and address, and identifying

numbers required by 11 U.S.C. § 110(b) and (c) on the documents prepared and filed in the

bankruptcy cases of  Pineda, the Williams, and the Other Debtors.

49.     Defendants gave Pineda, the Williams, and the Other Debtors legal advice about

filing the bankruptcy cases.  This topic involves a legal determination that Defendants as non-

attorneys should not be making.

### Count I -   Declaratory Relief Under 11 U.S.C. § 526(c)(1) and Turnover Under 11 U.S.C. § 105(a)

50.     Plaintiff re-alleges and incorporates by reference herein, the allegations set forth in

paragraphs 1 through 49 of this Complaint.

51.      Pineda, the Williams, and the Other Debtors are individuals whose debts consist

primarily of consumer debts and the value of whose non-exempt property is less than $175,750, and

therefore are "assisted persons" as that term is defined under 11 U.S.C. § 101(3).

52.      Defendants provided "bankruptcy assistance" to Pineda, the Williams, and the Other

Debtors as defined under 11 U.S.C. § 101(4)(A).

53.      Each of the Defendants is a "debt relief agency" as that term is defined under 11

U.S.C. § 101(12)(A).

54.      There was no contract between Defendants and Pineda for "bankruptcy assistance,"

or in the alternative, the contract does not comply with the material requirements of 11 U.S.C. §§

526, 527 or 528 and therefore this Court should declare the contract to be void under 11 U.S.C. § 526(c)(1).

55.    There was no contract between Defendants and the Williams for "bankruptcy assistance," or in the alternative, the contract does not comply with the material requirements of 11 U.S.C. §§ 526, 527 or 528 and therefore this Court should declare the contract to be void under 11 U.S.C. § 526(c)(1).

56.    There were no contracts between Defendants and the Other Debtors for "bankruptcy assistance," or in the alternative, the contracts do not comply with the material requirements of 11 U.S.C. §§ 526, 527 or 528 and therefore this Court should declare the contracts to be void and unenforceable under 11 U.S.C. § 526(c)(1).

57.    Pursuant to 11 U.S.C. § 105(a), Plaintiff requests that Defendants be ordered to return the fees they received from Pineda under the voided contract.

58.    Pursuant to 11 U.S.C. § 105(a), Plaintiff requests that Defendants be ordered to return the fees they received from the Williams under the voided contract.

59.    Pursuant to 11 U.S.C. § 105(a), Plaintiff requests that Defendants be ordered to return the fees they received from the Other Debtors under the voided contracts if the Other Debtors make such a claim.

### Count II - Intentional Violation or Engagement in Clear and Consistent Pattern or Practice of Violating 11 U.S.C. § 526

60.    Plaintiff re-alleges and incorporates by reference herein, the allegations set forth in paragraphs 1 through 59 of this Complaint.

61.    By failing to comply with the disclosure requirements of 11 U.S.C. §§ 527 and 528,

Defendants have intentionally misrepresented to Pineda, to the Williams, to the Other Debtors, or

to prospective assisted persons the services to be provided and the benefits and risks that may result

from bankruptcy.

62.      By advertising that its customers will receive the benefit of stopping foreclosure or

stopping wrongful foreclosure while failing to disclose that one of its primary services includes

bankruptcy assistance, Defendants have  intentionally misrepresented to Pineda, to the Williams, to

the Other Debtors, or to prospective assisted persons the nature of the services to be provided and

the benefits and risks that may result from bankruptcy.

63.      As set forth in this Complaint, Defendants have engaged in a clear and consistent

pattern or practice of violating 11 U.S.C. § 526.

64.      Plaintiff requests that the Court enjoin Defendants from violating 11 U.S.C. § 526

or impose an appropriate civil penalty against Defendants.

### Count III - Violations of Disclosure Requirements of 11 U.S.C. § 110(b)(1)

65.      Plaintiff re-alleges and incorporates by reference herein, the allegations set forth in

paragraphs 1 through 64 of this Complaint.

66.      Defendants are bankruptcy petition preparers as defined under 11 U.S.C. § 110(a)(1).

67.      Defendants failed to include the signature and printed name and address required by

11 U.S.C. § 110(b) on the documents prepared and filed in the bankruptcy cases of  Pineda, the

Williams, and the Other Debtors.

### Count IV - Violations of Disclosure Requirements of 11 U.S.C. § 110(b)(2)

68.      Plaintiff re-alleges and incorporates by reference herein, the allegations set forth in

paragraphs 1 through 67 of this Complaint.

69.      Defendants failed to provide Pineda, the Williams, or the Other Debtors with the written notice required by 11 U.S.C. § 110(b)(2).

### Count V - Violations of Disclosure Requirements of 11 U.S.C. § 110(c)

70.      Plaintiff re-alleges and incorporates by reference herein, the allegations set forth in paragraphs 1 through 69 of this Complaint.

71.      Defendants failed to include the identifying number required by 11 U.S.C. § 110(c) on the documents prepared and filed in the bankruptcy cases of Pineda, the Williams, and the Other Debtors.

### Count VI - Violations of Disclosure Requirements of 11 U.S.C. § 110(h)

72.      Plaintiff re-alleges and incorporates by reference herein, the allegations set forth in paragraphs 1 through 71 of this Complaint.

73.      Defendants failed to file a sworn declaration disclosing any fee received from or on behalf of the debtor within twelve (12) months prior to bankruptcy, and any unpaid fee charged to the debtor, in the bankruptcy cases of Pineda, the Williams, and the Other Debtors.

### County VII - Violations of 11 U.S.C. § 110(e)(2)(A)

74.      Plaintiff re-alleges and incorporates by reference herein, the allegations set forth in paragraphs 1 through 73 of this Complaint.

75.      Defendants gave Pineda, the Williams, and the Other Debtors legal advice about filing the bankruptcy cases.  This topic involves a legal determination that Defendants as non-attorneys should not be making and violates 11 U.S.C. § 110(e)(2)(A).

### Count VIII - Violations of 11 U.S.C. § 110(i)

76.      Plaintiff re-alleges and incorporates by reference herein, the allegations set forth in

paragraphs 1 through 75 of this Complaint.

77.     Defendants have violated 11 U.S.C. § 110 and have committed an act that may be fraudulent, unfair or deceptive by intentionally misrepresenting to Pineda, to the Williams, to the Other Debtors, or to prospective assisted persons the services to be provided and the benefits and risks that may result from bankruptcy.  Plaintiff therefore requests that the Court order Defendants to pay to Pineda, the Williams, and the Other Debtors (a) actual damages, (b) the greater of $2,000 or twice the amount paid Pineda, the Williams, and the Other Debtors to Defendants, and (c) reasonable attorneys' fees and costs.

### Count IX - Violations of 11 U.S.C. § 110(j)

78.      Plaintiff re-alleges and incorporates by reference herein, the allegations set forth in paragraphs 1 through 77 of this Complaint.

79.     Defendants have violated 11 U.S.C. § 110 and have committed an act that may be fraudulent, unfair or deceptive by intentionally misrepresenting to Pineda, to the Williams, to the Other Debtors, or to prospective assisted persons the services to be provided and the benefits and risks that may result from bankruptcy.  Plaintiff therefore requests that the Court enjoin Defendants from engaging in any conduct in violation of 11 U.S.C. § 110 or from further acting as a bankruptcy petition preparer.

**WHEREFORE**, Plaintiff requests:

A.     With respect to Count I of the Complaint:

1.     Declaring that there were no contracts between Defendants and Pineda, the Williams, and the Other Debtors, or in the alternative, that the contracts for bankruptcy assistance between Defendants and Pineda, the Williams, and the Other Debtors are void; and

2.      Requiring Defendants to turn over to Pineda, the Williams, and the Other Debtors (if they make some claim) all monies received by Defendants for services performed.

B.     With respect to Count II of the Complaint:

1.      Enjoining Defendants from continuing to violate the provisions of 11 U.S.C. §§ 526, 527 and 528; and

2.      Imposing an appropriate civil penalty against Defendants for intentionally violating, and engaging in a clear and consistent pattern or practice of violating, the provisions of of 11 U.S.C. §§ 526, 527 and 528.

C.     With respect to Counts III through IX of the Complaint:

1.      Requiring forfeiture of any fees paid by Pineda, the Williams, and the Other Debtors to Defendants;

2.      Requiring Defendants to pay Pineda, the Williams, and the Other Debtors (if they make some claim) the greater of $2,000 each or twice the amount paid by Pineda, the Williams, and the Other Debtors to Defendants for services performed;

3.      Enjoining Defendants from continuing to act as bankruptcy petition preparers in this Court and any other Court, or in the alternative, enjoining Defendants from engaging in conduct in violation of the provisions of 11 U.S.C. § 110; and

4.      Imposing fines against Defendants, payable to the Plaintiff for deposit into the United States Trustee System Fund, in the amount of $500.00 for each violation of 11 U.S.C. § 110(b)(1), (b)(2), (c), (e) and (h) in the bankruptcy cases filed by Pineda, the Williams, and the Other Debtors (if they make a claim), and to the extent the Court finds that Defendants prepared any documents for filing in the bankruptcy cases filed by Pineda, the Williams, and the Other Debtors (if they make a claim) that failed to disclose the identity of Defendants, trebling any such fines imposed in those cases.

D.     With respect to Counts I through IX of the Complaint:

1.      Granting such further relief that the Court deems just and proper.

Dated: August 22, 2012                    Respectfully Submitted,

                                          JUDY A. ROBBINS
                                          UNITED STATES TRUSTEE

                                          By:    /s/ Hector Duran
                                                 Hector Duran
                                                 Texas Bar No. 00783996
                                                 515 Rusk, Suite 3516
                                                 Houston, TX 77002
                                                 (713) 718-4650 x 241
                                                 (713) 718-4670 Fax